**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 02-4307**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ANDREW WALL,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge; Anthony A. Alaimo, Senior District Judge, sitting by designation. (CR-00-130)

Submitted: October 6, 2004        Decided: December 13, 2004

Before WILLIAMS, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert C. Conrad, Jr., United States Attorney, Jennifer Marie Hoefling, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Defendant James A. Wall appeals his conviction for conspiracy to distribute less than five kilograms of cocaine and at least 1,000 kilograms of marijuana in violation of 21 U.S.C Sections 841(a)(1) and 846. Specifically, he contends that the district court 1) improperly instructed the jury out of his presence in violation of Rule 43(a) of the Federal Rules of Criminal Procedure, and 2) improperly coerced the jury into returning a guilty verdict by indicating that the jury could not recess for the night. Because we do not find reversible error, we affirm Mr. Wall's conviction.

## I.

Mr. Wall was indicted for conspiring to possess with intent to distribute at least five kilograms of cocaine, at least five kilograms of cocaine base, and at least one thousand kilograms of marijuana. He pleaded not guilty and proceeded to trial, along with three co-defendants. At trial, the government presented evidence of a large drug distribution enterprise that utilized truck drivers carrying legitimate loads to transport cocaine and marijuana from Texas to North Carolina. Mr. Wall was connected to the conspiracy by at least eight witnesses who testified to, among other things, Mr. Wall personally transporting drugs and money on his trucking routes and instructing other drivers on how to avoid

2

detection as they transported drugs. Additionally, the government presented testimony from an officer of the Texas Highway Patrol who stopped Mr. Wall's truck and, upon conducting a consensual search of the truck, found marijuana and other contraband.

Mr. Wall testified at trial, arguing that he was not part of a drug conspiracy and did not know many of the witnesses testifying against him other than by name and face. Additionally, he claimed that he did not know that there were drugs in his truck when he was stopped by the highway patrol because he was not present on the loading dock when his truck was packed. Finally, Mr. Wall informed the jury that he had no prior record of drug offense convictions.

Following the close of evidence after three days of trial, the jury retired to deliberate at 3:30 PM. All of the parties examined the evidence being sent to the jury room and agreed on the record that it was in order before sending it to the jury room. At 5:09 PM, the court convened the parties to read a communication from the jury, which stated, "We will not finish by 6:00 p.m. How long past that are we expected to stay, or should we come back tomorrow?" The district judge then informed the parties that he would take a court reporter to the jury room door with him and deal with the "housekeeping" matters involving the jury. The judge then had the following conversation with the jurors:

> THE COURT: I have your last communication, members of the jury. In a criminal case, a

jury may not be separated during deliberations. Therefore, I cannot recess you for the night and have you come back tomorrow. So I assume you will want to have us send out for some food for you . . . . I guess we had better order some pizza then.

THE CLERK:  Yes, sir.

JUROR TURNER:  How late could we stay?

THE COURT:  Until you---

JUROR FOWLER:  This evidence we're permitted to have was agreed on by the defense and prosecution, right?

THE COURT:  Yes.

JUROR FESTER:  This was agreed to?

THE COURT:  Yes, it was.

Approximately three hours later, the jury returned with a verdict, convicting Mr. Wall of conspiracy to distribute less than five kilograms of cocaine and at least 1,000 kilograms of marijuana. Although all four defendants at trial were found guilty of the conspiracy, for none of the defendants did the jury find that the conspiracy involved at least five kilograms of cocaine, and only for Mr. Wall did the jury find that the conspiracy involved at least 1,000 kilograms of marijuana. After the verdict was announced, each juror stated on the record that the verdict had been freely and voluntarily made. The district court sentenced Mr. Wall to ten years imprisonment. He timely appeals.

4

II.

The parties agree that we review the district court's <u>ex parte</u> communication with the jury for plain error because Mr. Wall did not object to the communication at trial. See <u>United States v. Rolle</u>, 204 F.3d 133, 138 (4th Cir. 2000) (citing Fed. R. Crim. P. 52(b)). For us to reverse the district court under that standard,

> (1) there must be error, *i.e.*, a deviation from a legal rule; (2) the error must be plain under current law; (3) the plain error must affect substantial rights, which typically means that the defendant is prejudiced by the error in that it "affected the outcome" of the proceedings; and (4) the error must seriously affect "the fairness, integrity or public reputation of judicial proceedings."

<u>Id.</u> (citing, <u>inter alia</u>, <u>United States v. Olano</u>, 507 U.S. 725, 733-36 (1993)).

Rule 43(a) of the Federal Rules of Criminal Procedure provides that a defendant has the right to be present at every stage of trial, including when the judge communicates with the jury. Fed. R. Crim. P. 43; <u>Rogers v. United States</u>, 422 U.S. 35, 39 (1975). Therefore, Mr. Wall argues, the district court committed plain error by answering questions in the jury room without him present. We disagree.

Assuming <u>arguendo</u> that the district court clearly erred by communicating with the jury outside of Mr. Wall's presence, that error still did not affect Mr. Wall's substantial rights by

5

affecting the outcome of the proceedings, nor did it seriously impair the fairness, integrity or public reputation of judicial proceedings. The trial judge correctly informed the jury that the evidence that they had in the jury room was in order and had been agreed to by the parties. Indeed, Mr. Wall does not contend otherwise. Nor does he suggest how his presence would have changed the conversation between the judge and jury.* In addition, the government presented strong evidence against Mr. Wall: eight witnesses testified against him, and marijuana was found in his truck. Accordingly, Mr. Wall has not demonstrated that the district court's conversation with the jury would have affected the outcome of the proceedings and, accordingly, has not met the requirements for showing plain error.

## III.

Mr. Wall also argues that the district court improperly coerced a verdict against him by telling the jury that it "may not be separated during deliberations," and that it could not be recessed for the night. These instructions, Mr. Wall contends, could have caused the jury to find against him solely because it

---

*Mr. Wall objected to some of the evidence as it was presented at trial but has chosen not to pursue those objections on appeal. Accordingly, the issue before us is not whether the district judge properly admitted the evidence, but simply whether the judge's subsequent ex parte conversation with the jury concerning that evidence could have possibly affected the outcome of the proceedings.

6

wanted to go home. We review these instructions for abuse of discretion. See United States v. Weaver, 282 F.3d 302, 314 (4th Cir. 2002) (holding that allegations that a district court deprived a defendant of a fair trial are reviewed for abuse of discretion); Chaudhry v. Gallerizzo, 174 F.3d 394, 408 (4th Cir. 1998) ("We review challenges to jury instructions for abuse of discretion."). In addition, if the allegedly erroneous jury instructions were harmless, we will not upset the district court's discretion. See United States v. Obi, 239 F.3d 662, 666 (4th Cir.2000). Considering the arguments of the parties and the record before us, we hold that, whether or not the district court abused its discretion in allowing the instructions, such abuse was harmless error and, therefore, not reversible.

We note initially, as the government concedes, that the district court was incorrect in its assertion that a deliberating jury in a criminal case may never be separated. This is not, however, dispositive. Specifically, the record in this case provides substantial evidence that the incorrect instruction did not improperly coerce the jury or otherwise deprive Mr. Wall of a fair trial.

First, the district court's instruction, while incorrect, was not facially prejudicial in favor of the government. Cf. United States v. Russell, 971 F.2d 1098, 1107-08 (4th Cir. 1992) (distinguishing cases in which an instruction to keep deliberating

was facially prejudicial from cases in which "there is no basis for an inference that [the defendant] was prejudiced by the [instruction]"). Second, the jury in this case deliberated in total for approximately four and one half hours, and three hours of that deliberation occurred <u>after</u> the judge's comments. The substantial deliberation after the trial judge made his comments "provides adequate assurance that the jury was not improperly coerced by the district court's instruction." <u>Russell</u>, 971 F.2d at 1108; <u>see also</u> <u>United States v. Cropp,</u> 127 F.3d 354, 360 (4th Cir. 1997) ("Although the length of deliberations following an Allen charge is not certain evidence that the jury was not coerced by that charge, lengthy deliberations can reassure a reviewing court that coercion did not occur." (internal citation omitted)). Third, the jury verdict both distinguished among the various defendants and found that the conspiracy did not involve at least five kilograms of cocaine. In other words, the verdict represents a thoughtful consideration of the case and not a hasty acquiescence to the government's arguments. Finally, each juror stated on the record that the verdict had been freely and voluntarily made. Considering all of these factors, we hold that the district court's instruction did not improperly coerce the jury into finding against Mr. Wall. Accordingly, we hold that the district court's abuse of discretion, if any, in allowing the jury instructions was harmless.

IV.

Having reviewed the arguments of the parties and the record before us, we hold that the district court did not commit plain error in conducting an <u>ex parte</u> communication with the jury. Additionally, we hold that any abuse of discretion in informing the jury that it could not be recessed was harmless error. Therefore, we affirm Mr. Wall's conviction.

<u>AFFIRMED</u>